UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACQUELINE CAMPBELL,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>   Defendant. | CASE NO. 14-cv-05943 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 15, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred in improperly discounting the lay witness testimony of David Vessey. Because the RFC should have included additional limitations from this testimony, and because these

additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, JACQUELINE CAMPBELL, was born in 1970 and was 36 years old on the alleged date of disability onset of May 30, 2007 (*see* AR. 221-24, 225-31). Plaintiff has an Associate's Degree in nursing (AR. 52-53). Plaintiff has worked as a nurse, caregiver, guest service representative, cashier, screener/packer, and clerk (AR. 252-62, 278-85). Plaintiff's last employment was terminated when she called in sick after three days of work (AR. 57, 62).

According to the ALJ, plaintiff has at least the severe impairments of "post-traumatic stress disorder ("PTSD"); borderline personality disorder; depressive anxiety disorder; agoraphobia; and antisocial disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 16).

At the time of the hearing, plaintiff was living in an apartment with her 20-year-old son, her 22-year-old daughter, her daughter's husband, and their new baby (AR. 54-56).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 136-39, 146-49, 155-58). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on March 6, 2013 (*see* AR. 38-73). On May 30, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 10-37).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ's RFC assessment was incomplete, as it did not include limitations identified by several doctors whose opinions the ALJ gave "great weight"; (2) Whether or not the ALJ improperly rejected the opinion of examining psychologist Dr. Kimberly Wheeler, Ph.D.; (3) Whether or not the ALJ failed to provide legitimate reasons for finding plaintiff not credible; and (4) Whether or not the ALJ failed to provide reasons germane to David Vessey for rejecting his written lay statement (*see* Dkt. 15, p. 1).

Because this Court reverses and remands the case based on issue 4, the Court need not further review all issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)     Did the ALJ fail to provide reasons germane to reject David Vessey's written lay statement?

Plaintiff argues that the ALJ did not provide any reasons germane to David Vessey, plaintiff's boyfriend, for rejecting his written statement (*see* Opening Brief, Dkt. 15, pp. 11-12).

On February 3, 2010, Mr. Vessey completed a third party function report regarding plaintiff's impairments (*see* AR. 319-26). In his report, Mr. Vessey opined that plaintiff is easily distracted and that she has difficulties with memory, completing tasks, understanding, and following instructions (*see* AR. 324). Mr. Vessey also stated that plaintiff has difficulties getting along with others, avoids other people, and is isolated and angry (*see id.*).

Here, the ALJ disregarded Mr. Vessey's opinion, explaining:

> I have considered Mr. Vessey's statements but conclude that they do not convince me that the residual functional capacity is less limiting than warranted by the evidence discussed in this decision. For the reasons provided above, I rely instead on the opinions of the doctors above, whose opinions have been accorded great weight.

(AR. 26). Such reasoning is not specific and germane to Mr. Vessey, such that the ALJ could properly dismiss his opinion.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513(a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse

practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513(d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling ("SSR") 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407), but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.

1995) (*citing Allen v. Heckler*, 749 F.3d 577, 579 (9th Cir. 1984)), an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis, supra*, 236 F.3d at 511 (An ALJ may discount lay testimony that "conflicts with medical evidence") (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)); *Bayliss, supra*, 427 F.3d at 1218 ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511); *see also Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 111325 at *21 n.4 (D. Or. 2013) (unpublished opinion) ("*Bruce* stands for the proposition that an ALJ cannot discount lay testimony regarding a claimant's symptoms solely because it is *unsupported* by the medical evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a germane reason to reject lay testimony") (*citing Bruce, supra*, 557 F.3d at 1116), *adopted by Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 110195 at *2 (D. Or. 2013) (unpublished opinion).

Here, the ALJ set forth a reason to reject Mr. Vessey's opinion for the same general reasons that have been previously found wanting by the Ninth Circuit. By not providing examples of claimed inconsistencies, and instead relying generally on other medical sources, the ALJ failed to provide germane reasons for rejecting Mr. Vessey's opinion. Defendant argues that the ALJ's decision was proper because inconsistency with medical evidence is a germane reason to discount a lay witness statement (*see* Defendant's Brief, Dkt. 19, p. 12). However, the ALJ does not explicitly explain what inconsistencies in the medical evidence he is relying on in discrediting Mr. Vessey's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold

an agency's decision on a ground not actually relied on by the agency") (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). That the ALJ found that Mr. Vessey's testimony did not convince him that the RFC should have more limitations is a conclusion -- not a reason. Mr. Vessey testified to limitations in plaintiff's ability to get along with others and her desire to isolate herself that were not reflected in the RFC, which allows for occasional interaction with supervisors and co-workers (*see* AR. 18). Even if the ALJ's finding is generously seen as a statement that Mr. Vessey's testimony is not supported by the medical evidence, it certainly does not indicate any specific inconsistency with, or contradiction to, the medical evidence.

Rather, the ALJ simply decided that Mr. Vessey's opinion was less convincing than other medical opinions, providing no further analysis. Such disregard of the testimony of friends and family members is in violation of the federal regulations. *See Smolen, supra*, 80 F.3d at 1288. Accordingly, the ALJ erred here.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina, supra*, 674 F.3d at 1115 (*citing Stout, supra*, 454 F.3d 1050, 1054 (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly rejected the opinion of Mr. Vessey in forming the RFC and plaintiff was found to be

capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 16th day of June, 2015.

J. Richard Creatura
United States Magistrate Judge