UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACQUELINE CAMPBELL,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 3:14-cv-05943 JRC

ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). *See* Dkt. 26. Defendant has no objection to plaintiff's motion. *See* Dkt. 29.

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved.

*See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 27, Attachment 1). *See Grisbrecht, supra*, 535 U.S. at 808. Following remand from this Court for further consideration (*see* Dkt. 21), plaintiff was awarded benefits. There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $110,800.00 (*see* Dkt. 27, Attachment 1, p. 3). Plaintiff has moved for a net attorney's fee of $21,700.00 (*see* Dkt. 26), and the Court has considered plaintiff's gross attorney's fee of $27,700.00 and the $6,000.00 fee payment received for work at the administrative level under 42 U.S.C. § 406(a). *See* Dkt. 27, p. 2. *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

Based on plaintiff's unopposed motion and supporting documents (*see* Dkts. 26, 27, 28, 29), it is hereby ORDERED that attorney's fees in the amount of $21,700.00, minus any applicable processing fees, be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). Following receipt of the 42 U.S.C. § 406(b) award, plaintiff's attorney shall refund the EAJA fees award of $4,154.87 (*see* Dkt. 25) directly to plaintiff.

Dated this 3rd day of August, 2017.

J. Richard Creatura
United States Magistrate Judge